UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DEBORAH GAGNON, )
)
    Plaintiff )
)
v. ) No. 2:13-cv-213-NT
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security, )
)
    Defendant )

## REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") appeal contends that the administrative law judge provided an inadequate explanation of his reasons for rejecting the opinion of her treating physician and presented an erroneous hypothetical question to the vocational expert who testified at the hearing. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from degenerative disc disease of the lumbar spine complicated by obesity, affective disorder/depression, and

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on June 11, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

anxiety-related disorder/anxiety NOS (Not Otherwise Specified), impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings'), Findings 3-4, Record at 12-13; that she retained the residual functional capacity ("RFC") to perform light work except that she could occasionally balance, stoop, kneel, crouch, and crawl, she could occasionally climb ramps, stairs, ladders, ropes, and scaffolds, she could understand and remember simple instructions and could execute simple tasks on a consistent basis, she could interact with coworkers and supervisors but not with the general public, and she could adapt to occasional changes in the workplace, Finding 5, *id.* at 15; that she was unable to perform any past relevant work, Finding 6, *id*. at 18; that, given her age (50 on the date of alleged onset of disability, March 30, 2010), at least high school education, work experience, and RFC, and using the Medical-Vocational Rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision-making, there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 7-10, *id*. at 19; and that, therefore, the plaintiff had not been under a disability, as that term is defined in the Social Security Act, at any time from March 30, 2010, through the date of the decision, August 1, 2012, Finding 11, *id*. at 20. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner. 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion

drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The plaintiff asserts that the administrative law judge's assessment of the opinion of Dr. Graf, her treating orthopedic surgeon, "does not bear scrutiny." Plaintiff's Itemized Statement of Errors ("Itemized Statement") (ECF No. 15) at 5. This is so, she says, because the reasons given by the administrative law judge are not supported by substantial evidence. *Id*.

The administrative law judge discussed Dr. Graf in considerable detail:

> Significantly, the record shows no medical treatment in more than a year. The claimant was treated four times by Frank Graf, M.D. in later 2010 and early 2011, and she then went nearly 18 months before she was examined again by the orthopaedist in May 2012 (Exs. 4F, 9F).
>
> * * *
>
> As for the opinion evidence, Dr. Graf has provided a number of opinions as to the claimant's assessed capacity, both physical and psychological (Exs. 7F, 8F, 9F, 11F). However, despite the fact that he has treated the claimant, the undersigned has given no weight to these assessments, because they are inconsistent with and unsupported by the longitudinal objective evidence.
>
> More specifically, despite functional assessments that Dr. Graf provided two months ago (May 2012) at the request of the claimant's attorney (Exs. 8F, 9F), the record more accurately shows that he had not conducted a physical examination of the claimant's back in almost a year and a half,

3

since January 2011 (Ex. 4F). At that time, the extent of his clinical report was as follows: "Deborah has pain on at [sic] lumbar levels L3-4 and L4-5 to manipulative palpation spring test[,]" and he recommended ongoing PT, which the claimant has not pursued (Exs. 3F, 4F).

Dr. Graf did see the claimant in April 2011, but there is no indication that he examined that patient; his notes indicate that she was there to have him complete insurance paperwork and review MRIs, after which he encouraged "gentle exercise" and she avoid opiates (Exs. 4F, 11F). These records are also inconsistent with the doctor's later medical report in which his diagnoses include "chronic cervical pain." Since there is absolutely no objective evidence of a cervical problem anywhere in Dr. Graf's treatment records prior to the May 2012 report, his use of the term "chronic" is incongruous (Ex. 9F).

Nor is there sufficient clinical support for Dr. Graf's statements that the claimant is limited to a less than sedentary (10 pound) exertional capacity; that she can only reach occasionally, or that she can never climb stairs (Exs. 7F, 8F). Of particular note, at the May 2012 examination, while Dr. Graf cited cervical pain reaction (the first such finding), he reported negative straight leg raises and no sciatic tenderness, which seems inconsistent for an individual which chronic low back pain (Ex. 9F).

Also disturbing is the doctor's "reinterpretation" of the MRI, where he disagreed with the minimal findings as cited by the radiologist. After his consultation in August 2010, his records show that he essentially told the patient that she should not pursue pain treatment (possible addiction); that she should not pursue surgical intervention (low levels of efficacy), and that she should continue with her primary care physician's recommended Lidoderm, PT and ibuprofen (Ex. 4F). If, as the doctor later opined, the claimant was, in fact, incapacitated by spinal degeneration, why would he not refer her for further treatment, possibly to a neurologist?

Record at 16-18.

As to Dr. Graf's assessment of work capacity, the administrative law judge noted:

At the claimant's request, Dr. Graf had previously provided a letter to the State Worker's Compensation Board in November 2010, where he opined that Ms. Gagnon had "no effective work capacity and that she is in fact disabled for all employment" (Ex. 4F). First, such a declaration is beyond the doctor's purview, since there are several other factors involved in the determination of disability, which is reserved to the Commissioner (SSR 96-5p). Second, Dr. Graf's statement is not supported by the overall record for the reasons previously cited, namely the dearth of clinical evidence demonstrative of incapacitating impairments.

4

Record at 18.

Contrary to the plaintiff's assertion, the administrative law judge's use of the term "longitudinal objective evidence" is neither "unspecific" nor "incorrect." Itemized Statement at 5. The sentence following that term in the administrative law judge's opinion begins "More specifically," and fairly extensive discussion of the inconsistencies in Dr. Graf's records follows, making the use of the term both specific and correct.[2]

The plaintiff next argues that the state-agency physicians' opinions are the only evidence in the record that is inconsistent with Dr. Graf's opinions. Even if that statement is correct, despite the administrative law judge's statement that the RFC he assigned to the plaintiff was "supported by DDS evaluations from Dr. David Houston, Dr. Donald Trumbull, Dr. David Margolis and Dr. Richard Chamberlin; treatment data from Massabesic Regional Medical Center, SMMC Primecare, Goodall Health Partners; function reports and the overall record[,]" Record at 18, this court has frequently held that state-agency reviewers' opinions may be sufficient to support an assigned RFC. *E.g., Powers v. Barnhart*, No. 04-86-P-C, 2004 WL 2862170, at *2 (D. Me. Dec. 13, 2004); *Larck v. Barnhart*, No. 02-112-BW, 2003 WL 22466173, at *2 (D. Me. Oct. 31, 2003). In addition, the plaintiff's statement that "evidence from Dr. Graf in this case dominates the record[,]" Itemized Statement at 5, adds no support to her position, because a finding that record evidence is substantial does not depend on the relative amount of evidence in the record from a particular provider.

The plaintiff recites items or entries in the medical record that support her contention that Dr. Graf's opinions remained consistent over the period of time during which he treated her,

---

[2] The itemized statement never clarifies which specific opinions of Dr. Graf the administrative law judge should have adopted.

Itemized Statement at 5-7, but that does not mean that the inconsistencies noted by the administrative law judge did not exist or that the administrative law judge was required to ignore those inconsistencies. The issue before the court is whether substantial evidence supports the administrative law judge's conclusions, not whether another person who reviewed the same evidence might come to different conclusions. *Vazquez-Rosario v. Barnhart*, 149 Fed.Appx. 8, 10, 2005 WL 2435747, at **1 (1st Cir. Oct. 4, 2005); *Mendez v. Secretary of Health & Human Servs.*, 48 F.3d 1211 (table), 1995 WL 94925, at *3 (1st Cir. Mar. 9, 1995).

The plaintiff challenges the administrative law judge's observations about her negative leg raises and lack of sciatic tenderness in May 2012, Record at 17, and Dr. Graf's inconsistent interpretation of an MRI from that of a radiologist, *id*. at 18, as impermissible "speculative lay interpretations of medical evidence what are beyond the ALJ's purview." Itemized Statement at 6. The administrative law judge's statement that he was disturbed by the fact that an orthopedist chose to differ with the interpretation of an MRI by a radiologist, a specialist in that field, is neither speculative nor an interpretation of medical evidence. The other two observations, about negative leg raises and lack of sciatic tenderness, do flirt with being a lay interpretation of medical evidence, despite the fact that, as the defendant points out, reference material supporting those observations is readily available from easily-accessed sources of medical information. Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 16) at 7-8. However, even if the observations constitute the impermissible rendering of a medical opinion by the lay administrative law judge, there is sufficient evidence in the record independent of these observations to support the administrative law judge's conclusion to disregard Dr. Graf's conclusions.

The plaintiff suggests that the administrative law judge "was required to take reasonable efforts to recontact" Dr. Graf "to seek clarification or otherwise develop and clarify the issue" if he "was unclear concerning the bases for Dr. Graf's assessed functional capacity limitations[.]" Itemized Statement at 7. But, she does not point to any specific instance in the opinion where it appears that the administrative law judge was "unclear." This argument does not meet the regulatory standard for contacting a claimant's treating provider. *Paradise v. Astrue*, No. 1:10-cv-236-JAW, 2011 WL 1298419, at *6 (D. Me. Mar. 31, 2011).

The plaintiff next asserts that, even if the administrative law judge's assessment of Dr. Graf's opinions was correct, he could only hold that the opinion was not entitled to controlling weight, rather than reject it, as she contends he did in this case. Itemized Statement at 8. She cites no authority in support of this argument. If, in fact, the administrative law judge did reject Dr. Graf's opinions in their entirety, he was entitled to do so, as long as he supplied good reasons for doing so. *Heath v. Astrue*, No. 1:12-cv-99-DBH., 2012 WL 6913440, at *11 (D. Me. Dec. 30, 2012). I have already concluded that the administrative law judge did so in this case.

Next, the plaintiff attacks the opinions of the state-agency physician reviewers because they did not see "additional opinion and examination evidence from Dr. Graf" and "failed to review any of the evidence related to Plaintiff's diastrasis recti impairment, which requires future surgical correction." Itemized Statement at 9. The plaintiff has not contended on this appeal that the administrative law judge should have found her diastrasis recti to be a severe impairment, and, accordingly, the fact that the state-agency reviewers may not have seen any evidence about this impairment is irrelevant. *Farrin v. Barnhart*, No. 05-144-P-H, 2006 WL 549376, at *5 (D. Me. Mar. 6, 2006).

7

An administrative law judge may rely on the opinions of state-agency reviewers when he or she finds that "no new clinical evidence has been provided that would contradict the findings of" those reviewers, as the administrative law judge did here, Record at 18. *See Brein*gan *v. Astrue*, No. 1:10-cv-92-JAW, 2011 WL 148813, at *6 n.5 (D. Me. Jan. 17, 2011). The cases cited by the plaintiff on this point are distinguishable. In *Alcantara v. Astrue*, 257 Fed.Appx. 333, 334, 2007 WL 4328148, at **1 (1st Cir. Dec. 12, 2007), the state-agency consultant saw no more than the first third of the record, and not the portion of the record that repeatedly recorded that the claimant's condition deteriorated after the deaths of her parents, of which the consultant was unaware. In *Brown v. Barnhart*, No. 06-22-B-W, 2006 WL 3519308 (D. Me. Dec. 6, 2006), the court held that opinions of state-agency reviewers could not be considered reliable when they had not seen later medical evidence concerning treatment for a newly-presented impairment. *Id*. at *3. Dr. Graf's opinions, which the plaintiff herself describes as consistent over several years, did not concern a new and different impairment. In *Garland v. Barnhart,* No. 03-132-P-S, 2004 WL 413302, at *3 (D. Me. Mar. 3, 2004), which is not discussed in *Brown*, the court does not specify the nature of the evidence submitted after the state-agency reviewers had submitted their reports, and so it is not possible to rely upon it as authority for the plaintiff's argument in this case.

Finally, the plaintiff challenges the hypothetical question put to the vocational expert at the hearing, because the question was "fundamentally flawed for all of the reasons discussed in detail in the preceding sections." Itemized Statement at 10. However, I have rejected the plaintiff's other arguments, upon which the plaintiff relies to characterize the administrative law judge's RFC as "not accurate." *Id*. Accordingly, this argument by the plaintiff also falls short.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 25th day of June, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge